IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CR-03-80-BLG-RFC |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOSE PAREDES,** | ) | ORDER |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

     This Court sentenced Defendant to a term of 97 months imprisonment in August of 2004. This sentence was rendered pursuant to the United States Sentencing Guidelines, which at the time were mandatory. Subsequently, the United States Supreme Court has held that the Federal Sentencing Guidelines are advisory. *United States v. Booker*, 125 S.Ct. 738, 764 (2005). On April 21, 2006, the Ninth Circuit remanded Defendant's sentence for reconsideration in light of *Booker* and *Ameline*.

     Pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005), this Court must determine "whether the sentence imposed would have been materially different had the district

1

court known that the Guidelines were advisory." *Id*. at 1084-85.

In this instance, after reviewing the record, the Court answers the question in the negative-- Defendant Paredes' sentence would not have been materially different had it known that the Guidelines were advisory.

Under *United States v. Mix*, ____ F.3d ____, 2006 WL 1549737 (9th Cir. 2006), this Court is required, in fashioning a reasonable sentence, to conduct parallel analysis – first employing the Guidelines, and then considering the non-guideline sentencing factors under § 3553(a).  Pursuant to this directive, the Court concludes that the Guidelines do adequately take account of the § 3553(a) sentencing factors.  Therefore, the Court determines that resentencing Defendant Paredes is unwarranted as his sentence would not materially differ under the advisory guideline regime.

DATED this 21st day of June, 2006.

/s/ Richard F. Cebull_____
RICHARD F. CEBULL
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE
DATE: _____
BY: _____
I hereby certify that a copy of
this Order was served upon:
Sandy Selvey
Marcia Hurd